UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARIO RODRIGUEZ, | CASE NO. C18-1213-JCC |
| Plaintiff, | ORDER |
| v. | |
| THE BOEING COMPANY, | |
| Defendant. | |

Pursuant to the parties' stipulated motion for protective order (Dkt. No. 15), the Court ORDERS as follows:

1. <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action will involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order is consistent with Local Civil Rule 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file Confidential Material under seal.

## 2. "CONFIDENTIAL MATERIAL"

"Confidential Material" shall include, but not be limited to, the following documents and tangible things produced by both parties and by any third parties or otherwise exchanged: information or documents regarding The Boeing Company's operations; any of The Boeing Company's trade secrets or private and proprietary information; social security numbers, birthdates, employment information (including any documents or information related to performance management and The Boeing Company's investigations related in any manner to a current or former employee, including EEO, ethics, and any other investigation performed by The Boeing Company or its agents), compensation, benefits information, all protected health information (including medical records received pursuant to subpoena or otherwise produced in the action), and any other personal and financial information of Plaintiff and any third party (including non-party current or former The Boeing Company employees or customers); and all other non-public, confidential, proprietary, or commercial information that is not readily ascertainable through lawful means by the public or the party receiving the information designated as Confidential Material ("Receiving Party"), or that which is subject to privacy protection under any federal, state, or local law.

Where desired, the party designating information or documents as Confidential (the "Designating Party") may redact social security numbers, birth dates, residential addresses and phone numbers, and non-relevant customer information in lieu of using the Confidential Material designation.

## 3. SCOPE

The protections conferred by this Order cover not only Confidential Material (as defined above), but also (1) any information copied or extracted from Confidential Material; (2) all copies, excerpts, summaries, or compilations of Confidential Material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal Confidential Material. However, the protections conferred by this Order do not cover information that is in the

public domain or becomes part of the public domain through trial or otherwise.

4. <u>ACCESS TO AND USE OF CONFIDENTIAL MATERIAL</u>

4.1 <u>Basic Principles</u>. A Receiving Party may use Confidential Material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential Material may be disclosed only to the categories of persons and under the conditions described in this Order. Confidential Material must be stored and maintained by the Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

4.2 <u>Disclosure of "CONFIDENTIAL" Information or Documents</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may only disclose Confidential Material to:

(a) the Receiving Party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including in-house counsel) of The Boeing Company to whom disclosure is reasonably necessary for this litigation;

(c) experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court, court personnel, and court reporters and their staff;

(e) copy or imaging services retained by a party or its counsel to assist in the duplication of Confidential Material, provided that the party retaining the copy or imaging service instructs the service not to disclose any Confidential Material to third parties and to immediately return all originals and copies of any Confidential Material;

（f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(h)     a third party neutral retained by the parties to assist in the resolution of the matter.

4.3   <u>Filing Confidential Material</u>. Before filing Confidential Material or discussing or referencing such material or information derived from Confidential Material in court filings, the filing party shall confer with the Designating Party no later than three business days before the filing party intends to submit the court filing to determine whether the Designating Party will remove the Confidential Material designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

5.   <u>DESIGNATING PROTECTED MATERIAL</u>

5.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Designating Party must take care to limit any Confidential Material designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which

protection is not warranted are not swept unjustifiably within the ambit of this Order. If it comes to a Designating Party's attention that information or documents that it designated as Confidential Material do not qualify for protection, the Designating Party must promptly notify all other parties that it is withdrawing the particular designation.

   5.2  Manner and Timing of Designations. Except as otherwise provided in this Order (*see, e.g.*, Section 5.3 below), or as otherwise stipulated or ordered, disclosure or discovery of material that qualifies for protection under this Order must be clearly so designated before or when the material is disclosed or produced. The parties agree that third parties producing documents in the course of this action may also designate documents as Confidential Material subject to the same protections and constraints as the parties to the action. A copy of this Order shall be served along with any subpoena served in connection with this action. Additionally, all documents produced by third parties shall be treated as Confidential Material for a period of 14 days following the date of production, and during that period, any party may designate such document or portion of such document as Confidential Material.

     (a)  Information in documentary form (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings): the Designating Party must affix the word "CONFIDENTIAL" to each page that contains Confidential Material. If only a portion or portions of the material on a page qualifies for protection, the Designating Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

     (b)  Testimony given in deposition or in other pretrial or trial proceedings: the parties may identify on the record, during the deposition, hearing, or other proceeding, all Confidential testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving a deposition transcript,

designate portions of the transcript, or exhibits thereto, as Confidential Material.

        (c)     Other tangible items: the Designating Party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Designating Party, to the extent practicable, shall identify the protected portion(s).

    5.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items as Confidential Material does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Order.

    6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

    6.1    <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of Confidential at any time. Unless a prompt challenge to a Designating Party's Confidential designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a Confidential designation by electing not to mount a challenge promptly after the original designation is disclosed.

    6.2    <u>Meet and Confer</u>. The parties will attempt to resolve any dispute regarding Confidential designations without Court intervention. Any motion regarding Confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without Court intervention. The

certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3     Judicial Intervention. If the parties cannot resolve a challenge without Court intervention, the Designating Party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as Confidential Material until the Court rules on the challenge.

7.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

(a)     promptly notify the Designating Party in writing and include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Confidential Material may be affected.

8.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, that it has disclosed Confidential Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized

ORDER
C18-1213-JCC
PAGE - 7

disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Confidential Material and any derivative materials, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

9. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

The inadvertent disclosure or production of any information or document that is subject to the attorney-client privilege or work product doctrine, including but not limited to information or documents that may be considered Confidential Material under this Order, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work product doctrine at a later date. Any party receiving any such information or document must return it upon request to the Designating Party and/or producing party as applicable. Upon receiving such a request as to specific information or documents, the Receiving Party must return the information or documents to the Designating Party and/or producing party as applicable or confirm deletion or destruction of such information or documents, including any derivative documents, within seven calendar days, unless the parties agree to a different timeframe, regardless of whether the Receiving Party agrees with the claim of privilege and/or work product protection. If a Receiving Party becomes aware that it is in receipt of information or materials that it knows or reasonably should know is or are privileged, the Receiving Party or counsel for the Receiving Party shall immediately take steps to (a) stop reading such information or materials; (b) notify counsel for the Designating Party and/or producing party as applicable of such information or materials; (c) collect all copies of such information or materials; (d) return all such information or materials, including any derivative materials, to the Designating Party and/or producing party as applicable or confirm destruction or deletion of the information or materials, including any derivative materials; and (e) otherwise comport themselves with the

applicable provisions of the Rules of Professional Conduct. Disclosure of the information or document by the other party before such later designation will not be deemed a violation of the provisions of this Order. The provisions of this section constitute an order pursuant to Rules 502(d) and (e) of the Federal Rules of Evidence.

Notwithstanding the provisions of Federal Rule of Evidence 502(b), there has been no waiver of any privilege, protection, or immunity if a party discloses or produces privileged, protected, or immune documents or information, regardless of whether the party took reasonable steps to prevent the production or disclosure or to rectify the error.

10. <u>NON-TERMINATION AND RETURN OF DOCUMENTS</u>

Within 60 days after the termination of this action, including all appeals, each Receiving Party must return all Confidential Material to the Designating Party, including all copies, extracts, and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the Court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential Material.

The obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court orders otherwise.

//
//
//
//
//
//
//

| | | |
|---|---|---|
| 1 | November 27, 2018 | MORGAN, LEWIS & BOCKIUS LLP |
| 2 | | By: /s/ Nancy Nguyen |

November 27, 2018

MORGAN, LEWIS & BOCKIUS LLP

By: /s/ Nancy Nguyen
Stephanie L. Sweitzer, *admitted pro hac vice*
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive, Fifth Floor
Chicago, IL 60601
Tel: +1.312.324.1000
Fax: +1.312.324.1001
stephanie.sweitzer@morganlewis.com

Nancy Nguyen, *admitted pro hac vice*
MORGAN, LEWIS & BOCKIUS LLP
600 Anton Boulevard, Suite 1800
Costa Mesa, CA 92626
Tel: +1.714.830.0600
Fax: +1.714.830.0700
nancy.nguyen@morganlewis.com

Laurence A. Shapero, WSBA #31301
OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, P.C.
1201 Third Avenue, Suite 5150
Seattle, WA 98101
Phone: +1.206-876-5301
Fax: +1.206-693-7058
Email: laurence.shapero@ogletree.com

*Attorneys for Defendant The Boeing Company*

Dated: November 27, 2018

Stockwell Law Firm PLLC

By: /s/ Christopher J. Stockwell
Christopher J. Stockwell, WSBA #50001
1001 4th Avenue #3200
Seattle, WA 98154
Tel: +1.253.459.4818
Email: chris@stockwelllawfirm.com

*Attorneys for Plaintiff Mario Rodriguez*

//

//

//

//

ORDER
C18-1213-JCC
PAGE - 10

1     PURSUANT TO STIPULATION, IT IS SO ORDERED

2     IT IS FURTHER ORDERED that pursuant to Federal Rule of Evidence 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other proceeding in any other court, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

DATED this 29th day of November 2018.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I,_____ [PRINT OR TYPE FULL NAME], of _____ [PRINT OR TYPE FULL ADDRESS], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on _____ in the case of *Mario Rodriguez v. The Boeing Company, et al.*, Case No. C18-1213-JCC (W.D. Wash. 2018). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____