THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARIO RODRIGUEZ, | CASE NO. C18-1213-JCC |
| Plaintiff, | ORDER |
| v. | |
| THE BOEING COMPANY, | |
| Defendant. | |

This matter comes before the Court on Plaintiff's motion for leave to file an amended complaint (Dkt. No. 19). Having considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and DENIES the motion for the reasons explained herein.

# I. BACKGROUND

Plaintiff filed this lawsuit in King County Superior Court on July 26, 2018. (Dkt. No. 1-3 at 2.) Plaintiff filed an amended complaint the following day. (Dkt. No. 1-2 at 1.) Defendant subsequently removed the case to this Court. (Dkt. No. 1.) On October 9, 2018, the Court issued a scheduling order. (Dkt. No. 14.) The scheduling order required that any amendment to pleadings be filed by January 4, 2019. (*Id.*) Plaintiff's instant motion for leave to amend was filed on September 8, 2019, approximately nine months after the deadline to amend pleadings passed. (*See* Dkt. No. 19.)

## II. DISCUSSION

Generally, Federal Rule of Civil Procedure 15 governs amendments to parties' pleadings. Fed. R. Civ. P. 15. However, if a party moves to amend its pleadings after the date specified in the court's scheduling order, then Federal Rule of Civil Procedure 16 governs instead. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). Unlike Rule 15(a), which provides a liberal amendment policy, Rule 16(b)(4) requires a showing of good cause before a scheduling order may be changed. The good cause standard looks to the "diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609.

Plaintiff moves for leave to amend under Rule 15. (*See* Dkt. No. 19 at 1.) However, the scheduling order required amendments to pleadings be filed by January 4, 2019 (Dkt. No. 14.) Plaintiff did not address the Rule 16 or its good cause standard in his motion or reply in support of the motion. (*See generally id.*; Dkt. No. 23.) In so doing, Plaintiff failed to provide the Court with evidence of diligence in seeking to amend. Without a showing of diligence pursuant to Rule 16, the Court cannot grant Plaintiff's motion.

## III. CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's motion for leave to file an amended complaint pursuant to Rule 15 (Dkt. No. 19).

DATED this 8th day of October 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE