THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARIO RODRIGUEZ, | CASE NO. C18-1213-JCC |
| Plaintiff, | ORDER |
| v. | |
| THE BOEING COMPANY, | |
| Defendant. | |

This matter comes before the Court *sua sponte*. On October 31, 2019, Plaintiff's counsel Christopher J. Stockwell informed the Court that he must withdraw from the present case because his current physical or mental condition materially impairs his ability to represent Plaintiff. *See* Wash. Rules of Prof'l Conduct R. 1.16(b)(2). Mr. Stockwell conveyed the serious nature of his condition and has represented that it precludes him from filing a proper notice of withdrawal and from adequately representing his clients, including Plaintiff. On November 4, 2019, the Court notified Plaintiff and Defendant of Mr. Stockwell's condition and request for leave to withdraw. On November 7, 2019, the Court held a telephonic conference with Plaintiff and Defendant to discuss Mr. Stockwell's request for leave to withdraw, the status of the case, and appropriate next steps. Plaintiff has since requested that the case be stayed to allow him to search for new counsel. Having considered the foregoing, the Court hereby issues the following order.

## I. DISCUSSION

### A. Request to Withdraw

No attorney shall withdraw an appearance without leave of the Court if the withdrawal will leave the client without representation. W.D. Wash. Local Civ. R. 83.2(b)(1). The decision to deny or grant counsel's motion to withdraw is within the discretion of the Court. *Washington v. Sherwin Real Estate, Inc.*, 694 F.2d 1081, 1087 (7th Cir. 1982). Under Local Civil Rule 83.2:

> When an attorney suddenly becomes unable to act in a case due to . . . incapacity . . . the party for whom he or she was acting as attorney must, before any further proceedings are had in the action on his or her behalf . . . (i) appoint another attorney who must enter an appearance in accordance with subsection (a) or (ii) seek an order of substitution to proceed pro se in accordance with subsection [(b)(5)].

W.D. Wash. Local Civ. R. 83.2(b)(6).

Mr. Stockwell has described the serious nature of his present condition, and the Court has not discerned any reason to doubt Mr. Stockwell's representations. Therefore, the Court FINDS that Mr. Stockwell has become unable to act in this case due to incapacity within the meaning of Local Civil Rule 83.2(b)(6) and GRANTS his request for leave to withdraw. In accordance with the Court's order, attorney Christopher J. Stockwell and his law firm, Stockwell Law Firm PLLC, are GRANTED leave to withdraw from representation and as counsel in this action for Plaintiff, effective as of the date this order is issued. The Clerk is DIRECTED to mail a copy of this order to Plaintiff Mario Rodriguez at: P.O. Box 85780, Chicago, Illinois 60680.

### B. Request to Stay

The Court has discretion over whether to grant a stay of proceedings in its own court. *Lockyear v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). The length of a stay must be balanced against the strength of the justification for it. *Yong v. Immigration and Naturalization Serv.*, 208 F.3d 1116, 1119 (9th Cir. 2000) (citing *Hines v. D'Artois*, 531 F.2d 726, 733 (5th Cir.1976)). Under the Local Civil Rules, a party whose attorney becomes incapacitated cannot appear or act on his own behalf, and no proceedings may be had in the action on his behalf, until the party retains a new attorney who

appears for the party or the party is granted an order of substitution to proceed *pro se*. *See* W.D. Wash. Local Civ. R. 83.2(b)(5), (b)(6).

Several factors support Plaintiff's request to stay this case. Mr. Stockwell's incapacity and consequent withdrawal have deprived Plaintiff of counsel at a late stage in the litigation, as discovery closed on September 23, 2019, dispositive motions were due by October 21, 2019, and trial is presently scheduled for January 21, 2020. (*See* Dkt. No. 18.) While Mr. Stockwell fully briefed the pending motion for leave to amend complaint and motion for summary judgment, (*see* Dkt. Nos. 26, 31, 36, 37), the disposition of those motions may entail additional discovery or otherwise impact the claims at issue in this litigation. And whether Plaintiff ultimately retains new counsel or proceeds *pro se*, additional time will be necessary to adequately prepare for trial.

Therefore, the Court finds good cause and GRANTS Plaintiff's request to stay this case while he seeks new counsel. The trial date is hereby VACATED and all matters in this case are hereby STAYED for 90 days from the date of this order. If Plaintiff is unable to retain new counsel, Plaintiff shall file a motion to proceed *pro se* in accordance with Local Civil Rule 83.2(b)(5)[1] within seven days of the expiration of the stay. Once Plaintiff retains new counsel or is granted leave to proceed *pro se* pursuant to Local Civil Rule 83.2(b)(5), the parties shall file a joint status report proposing a modified case schedule, including new noting dates for the pending motions (Dkt. Nos. 26, 31) and a new trial date.

//

---

[1] That Rule provides that:

> When a party is represented by an attorney of record in a case, the party cannot appear or act on his or her own behalf in that case, or take any step therein, until after the party requests by motion to proceed on his or her own behalf, certifies in the motion that he or she has provided copies of the motion to his or her current counsel and to the opposing party, and is granted an order of substitution by the court terminating the party's attorney as counsel and substituting the party in to proceed pro se; provided, that the court may in its discretion hear a party in open court, notwithstanding the fact that he or she is represented by an attorney.

W.D. Wash. Local Civ. R. 83.2(b)(5).

## II. CONCLUSION

For the foregoing reasons, Christopher J. Stockwell and his law firm Stockwell Law Firm PLLC are GRANTED leave to withdraw as counsel for Plaintiff Mario Rodriguez. All matters in this case are hereby STAYED for 90 days from the date this order is issued.

DATED this 15th day of November 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C18-1213-JCC
PAGE - 4